**Francis Gerard SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–92–00341–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 10, 1993.

Ross Palmie, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

Appellant was convicted by a jury of driving while intoxicated. The Court assessed punishment at six months in jail, probated over two years, and a two hundred and fifty dollar fine. Appellant brings one point of error, complaining that the trial court erred in admitting the intoxilyzer printout slip into evidence. We affirm.

On July 18, 1991, Appellant was stopped by Officer Huber for speeding and failing to maintain a single lane. After observing and talking to Appellant, Officer Huber found it necessary to administer field sobriety tests. On completion of the tests, Officer Huber informed Appellant that he was under arrest "for the suspicion or for driving while intoxicated." Officer Huber transported the Appellant to the La Porte jail, where Officer Moore administered an intoxilyzer test.

Officer Moore followed correct procedures for the operation of the instrument. He testified that Appellant did not do anything prior to the administration of the test that could have invalidated the test. He witnessed Appellant "blow" into the instrument two times. Once the test was completed, the instrument printed out the results on a slip of paper, and Officer Moore signed the bottom of the slip.

Becky Cuculic, a technical supervisor for the state of Texas, testified that the intoxilyzer had been inspected on June 25, 1991, and had been working properly. The State established that Ms. Cuculic was the custodian of the intoxilyzer reports, and then offered Appellant's report into evidence. Appellant's trial counsel stated "I object as to hearsay, Judge. 802." The Court responded, "Hearsay? I can't—I can't possibly conceive hearsay." The report was then admitted into evidence.

In his sole point of error, Appellant maintains that the report is hearsay. Hearsay is defined as "*a statement*, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." (emphasis added). TEX.R.CRIM.EVID. 801(d). Rule 801 defines a statement as "(1) an oral or written *verbal* expression or (2) nonverbal conduct *of a person*, if it is intended by him as a substitute for verbal expression." TEX. R.CRIM.EVID. 801(a). The Rule further defines declarant as "a *person* who makes a statement." TEX.R.CRIM.EVID. 801(b). A computer is not a person, and therefore can not be a "declarant" who makes a "statement."

We agree with the decision of the Fort Worth Court of Appeals in *Murray v. State*, 804 S.W.2d 279 (Tex.App.—Fort Worth 1991, pet ref'd). In it, the Court held that computer self-generated data is not hearsay, and that the proper objection instead is whether the State has established that the printout is reliable. *Murray* at 284. The trial court was correct in overruling Appellant's hearsay objection to the intoxilyzer report. Appellant's sole point of error is overruled, and the judgment of the trial court is affirmed.