**Robert Lee STEVENSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–92–01059–CR.**

Court of Appeals of Texas,
Dallas.

Jan. 23, 1996.

E.X. Martin, Dallas, John H. Hagler, Dallas, TX, for appellant.

Lori L. Ordiway, Assistant District Attorney, Dallas, for State.

## OPINION ON REMAND

BARBER, Justice.

Robert Lee Stevenson was convicted by a jury of driving while intoxicated. Punishment was assessed at sixty days' confinement, probated for two years, and a $250 fine. On original submission, appellant raised several complaints, including the admission of the intoxilyzer results into evidence.

Appellant asserted that the intoxilyzer results were not admissible because they were hearsay and not admissible under Texas Rule of Criminal Evidence 803(6) (Business Records exception). This Court held that Texas Revised Civil Statute article 6701*l*–5, section three [1] specifically provided for the admission of intoxilyzer results if the State laid the proper predicate. We concluded that the State laid the proper predicate for admissibility of the results. We did not reach the hearsay issue. We affirmed the trial court's judgment. *See Stevenson v. State*, No. 05–92–01059–CR, 1993 WL 407284 (Tex.App.—Dallas Oct. 14, 1993) (not published) [*Stevenson I* ].

The Texas Court of Criminal Appeals reversed this Court on the issue of the admissibility of the intoxilyzer results. *Stevenson v. State*, 895 S.W.2d 694 (Tex.Crim.App.1995) [*Stevenson II* ]. The court held that article 6701*l*–5, section three did not provide for blanket admissibility of intoxilyzer results. *Id.* at 696. Rather, the statute "recognizes the scientific reliability of breath tests when performed in accordance with section 3(b), (c)." *Id.* The court of criminal appeals stated that the rule against hearsay could render breath test evidence inadmissible, and remanded the case for this Court to determine whether the complained-of evidence was objectionable as hearsay. *Id.* at 696–97. We

hold the intoxilyzer results were not objectionable as hearsay.

## HEARSAY ANALYSIS

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R.CRIM.EVID. 801(d). "A 'declarant' is a *person* who makes a statement." TEX.R.CRIM. EVID. 801(b) (emphasis added). A statement is either an oral or written verbal expression or nonverbal conduct of a *person* if it is intended by him as a substitute for verbal expression. TEX.R.CRIM.EVID. 801(a) (emphasis added).

The intoxilyzer instrument is a computer, not a person. By definition, therefore, the intoxilyzer is not a declarant. *See Smith v. State*, 866 S.W.2d 731, 732 (Tex.App.—Houston [14th Dist.] 1993, no pet.) (intoxilyzer instrument not declarant); *Murray v. State*, 804 S.W.2d 279, 284 (Tex.App.—Fort Worth 1991, pet. ref'd) (automatically activated electronic door lock recording device not a declarant); *see also Ly v. State*, 908 S.W.2d 598, 600 (Tex.App.—Houston [1st Dist.] 1995, no pet. h.) (electronic monitoring computer not declarant).

This is not a situation in which the information in the printout is merely feedback of computer-stored data, which would be hearsay. *See Murray*, 804 S.W.2d at 284; *see also Vanderbilt v. State*, 629 S.W.2d 709, 724 (Tex.Crim.App.1981), *cert. denied*, 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982); *Ly*, 908 S.W.2d at 600. The intoxilyzer instrument self-generates data. *See Smith*, 866 S.W.2d at 732; *Murray*, 804 S.W.2d at 284. The information reflected on the printout is the result of the computer's internal operations. *See Murray*, 804 S.W.2d at 284. The intoxilyzer instrument, in itself, cannot be a declarant. *See* David A. Schlueter, *Hearsay—When Machines Talk*, 33 TEX.B.J. 1135 (1990) [hereinafter Schlueter]. Because the intoxilyzer is not a declarant, the data it generates is not a statement and cannot be hearsay. *See Smith*, 866 S.W.2d at 732; *Murray*, 804 S.W.2d at 284;

---

1. All references to article 6701*l*–5, section three are to former TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 3 (Vernon Supp.1995), *repealed by* Act of May

1, 1995, 74th Leg, R.S., ch. 165, § 1, 1995 Tex. Gen.Laws 1025 (adopting Texas Transportation Code).

Schlueter, 33 Tex.B.J. at 1135; *see also Ly,* 908 S.W.2d at 600. The fact that the same data is ultimately printed in hard copy does not convert it into hearsay. Schlueter, 33 Tex.B.J. at 1135.

We recognize that this Court's opinion in *May v. State,* 784 S.W.2d 494 (Tex.App.— Dallas 1990, pet. ref'd), refers to intoxilyzer results as hearsay. However, the true problem in *May* was that the State did not lay the proper predicate for the admission of the officer's testimony regarding the intoxilyzer results. Such was not the problem in appellant's case. We overrule *May* only as to the language that refers to the intoxilyzer result, itself, as hearsay.

■ The court of criminal appeals did not disturb that portion of our original opinion in which we concluded the State laid the proper predicate for admission of the intoxilyzer results into evidence. *See Stevenson II,* 895 S.W.2d at 694. Appellant argued that because the intoxilyzer printout was hearsay, the State could not use information on the printout in establishing the predicate. Because we hold the intoxilyzer results are not hearsay, we conclude the State could properly rely upon information contained in the intoxilyzer printout in establishing the predicate for its admissibility into evidence.

We overrule appellant's point of error.

We affirm the trial court's judgment.