NO. 07-08-00418-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 20, 2010

JUSTIN R. CHEEK, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2008-448,675; HONORABLE DRUE FARMER, JUDGE

Before QUINN, C.J., AND CAMPBELL, and PIRTLE, JJ

**MEMORANDUM OPINION**

Appellant, Justin R. Cheek, appeals from his jury conviction of the misdemeanor offense of driving while intoxicated[1] and the resulting sentence of 180 days of confinement, probated for eighteen months, and a fine of $500. Through one issue, appellant challenges the trial court's admission of the results of appellant's breath test. Finding no error, we affirm.

---

[1] *See* Tex. Penal Code Ann. § 49.04(a) (Vernon 2003).

Background

After a traffic stop by a Lubbock policeman and field sobriety tests, appellant was arrested. He was taken to the county jail where a certified operator performed a breath test on appellant using the Intoxilyzer 5000. The operator testified use of the computer-driven machine first required that he enter certain information, including that identifying the operator and the subject of the test, appellant. Appellant provided two breath samples. The State's Intoxilyzer expert testified that the Intoxilyzer generated a "slip" showing appellant's blood alcohol concentration from the two samples was .120 and .123, respectively, at the time of the test.

Appellant presented his case through cross-examination of the State's witnesses through which he attempted to cast doubt on the validity of the traffic stop, the officer's conclusion that appellant was intoxicated, and the results of the breath test.

Following the presentation of the evidence, the jury found appellant guilty as charged in the information. A pre-sentence investigation report was ordered and at a later hearing on punishment the court assessed punishment at confinement for 180 days, probated for eighteen months, and imposed a $500 fine. The trial court certified appellant's right to appeal. This appeal followed.

Analysis

Via his appellate issue, appellant argues the trial court erred when it allowed the State to introduce into evidence the results of appellant's breath test because the

results of the test were out-of-court testimonial statements admitted in violation of the Sixth Amendment to the United States Constitution and Article 1, Section 10, of the Texas Constitution.

*Confrontation Clause*

The Sixth Amendment to the United States Constitution, made applicable to the states via the Fourteenth Amendment, *Pointer v. Texas,* 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." In *Crawford v. Washington*, after reviewing the Clause's historical underpinnings, the Supreme Court held that it guarantees a defendant's right to confront those "who 'bear testimony'" against him. *Crawford v. Washington,* 541 U.S. 36, 51, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). A witness's testimony against a defendant is thus inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination. *Id.* at 54.

Appellant's analysis begins with a discussion in *Murray v. State*, 804 S.W.2d 279 (Tex.App.—Fort Worth 1991, pet. ref'd), in which the court addressed a hearsay objection to the admissibility of a computer printout. The court drew a distinction between printouts that constitute "the feeding back of data placed into the computer by a person" and those reflecting "computer self-generated data." The former may be hearsay, the court held, but the latter may not be hearsay because a mechanical device like a computer is not a person and cannot be a declarant under the hearsay rules. *Id.*

3

at 284. In *Stevenson v. State*, 920 S.W.2d 342 (Tex.App.—Dallas 1996 no pet.) (op. on remand), the Dallas court of appeals applied the same analysis to the report generated by an Intoxilyzer. It found an Intoxilyzer "self-generates" data, and noted that the Intoxilyzer does not present "a situation in which the information in the printout is merely feedback of computer-stored data . . . ." *Id.* at 343 (citing, inter alia, *Murray*, 804 S.W.2d at 284).

Appellant urges that the testimony here establishes that the reverse is true, that is, that the Intoxilyzer 5000 results here reflect information entered by the operator, and thus should be regarded as reflecting data not "self-generated" by the Intoxilyzer but stored by a person, the machine's operator. It follows, appellant argues, that the breath analysis produced by the Intoxilyzer constitutes an out-of-court statement by its operator.

We need not address the correctness, *vel non*, of appellant's argument that the introduction of results from an Intoxilyzer may present a Confrontation Clause issue under *Crawford*, for the simple reason that the Intoxilyzer operator testified at appellant's trial. The officer testified to his twenty-year service as a police officer, to his certification to operate the Intoxilyzer 5000, and to the necessary protocols for administering breath tests. He presented detailed testimony concerning his performance of each of the protocols when he administered the breath test to appellant. Appellant's cross-examination of the officer was not restricted.

Assuming then, without deciding, that the Intoxilyzer results constituted an out-of-court testimonial statement of the Intoxilyzer, no Confrontation Clause issue is present because, "when the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." *Crawford*, 541 U.S. at 59 n.9 (also stating, "The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it"). *Crawford* cites *California v. Green*, 399 U.S. 149, 26 L.Ed.2d 489, 90 S. Ct. 1930 (1970) on the point, which opinion states, "none of our decisions interpreting the Confrontation Clause requires excluding the out-of-court statements of a witness who is available and testifying at trial." 399 U.S. at 161.

We find admission of appellant's breath test results involved no Confrontation Clause issue, and the trial court did not err by overruling appellant's Sixth Amendment objection.[2]  Appellant does not present a contention the Texas Constitution's requirements differ, so we do not address his objection based on our State's constitution. *See Muniz v. State,* 851 S.W.2d 238, 251-52 (Tex.Crim.App. 1993). Accordingly, appellant's sole issue is overruled, and the trial court's judgment is affirmed.

James T. Campbell
Justice

Do not publish.

---

[2] Appellant's argument suggests that a part of his complaint is that his cross examination of the Intoxilyzer operator was hindered because the State offered the Intoxilyzer test results through the testimony of the Intoxilyzer expert rather than through that of the operator.  Appellant does not explain, and we do not perceive, how such a circumstance leads to a Confrontation Clause violation.