Opinion issued May 19, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00424-CR

———————————

Demetrius Jerome Evans, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 337th District Court 

Harris County, Texas



Trial Court Case No. 1,251,322

 



 

MEMORANDUM OPINION

          A
jury convicted appellant, Demetrius Jerome Evans, of delivery of a simulated
controlled substance.  See Tex.
Health & Safety Code Ann. § 482.002 (Vernon 2010), and assessed
punishment at six years’ confinement.  Appellant
timely appealed.  In a single point of
error, he seeks a new trial, arguing that his appointed trial counsel was
ineffective because he failed to object to hearsay testimony.  We affirm the trial court’s judgment.

Background

          On
the night of February 9, 2010, several Houston police officers were working as
part of an undercover team investigating drug activity on the outskirts of downtown.
 Officer R. Brown was posing as a drug
buyer, while Officer J. Hartnett was stationed two blocks south of Officer
Brown.  Officer Hartnett would wait until
Officer Brown provided a description of a suspect, and then he would locate and
arrest the alleged violator. 

Officer Brown testified that he was
approached by appellant and a small group of other men.  Appellant was wearing a red hoodie and tan shirt.
 Appellant asked Brown if he was “looking
for some work?”  Brown explained that
“work” is a common slang word for drugs. 
Brown told appellant that he was looking for “a forty,” which is the
slang term for $40 of narcotics, usually crack cocaine.  As they were talking, Brown was pulling out
two $20 bills from his pocket.  Appellant
dropped two small rocks—consistent in size and weight to crack cocaine—in Officer
Brown’s hand, grabbed two $20 bills, and took off running.  The serial numbers of the $20 bills had been
previously recorded.  Appellant unknowingly
ran towards the location of Officer Hartnett.  Officer Brown immediately contacted nearby
units, including Officer Hartnett, with a description of the suspect and the
direction he had run.  Once back in his
car, Officer Brown did an initial examination of the two rocks and concluded
they were likely not crack cocaine.    Later testing confirmed this.

          Officer
Hartnett arrested appellant a short time later as he was leaving a convenience
store.  Officer Hartnett testified he detained
the appellant because he matched Officer Brown’s description of the suspect, he
was in the area where the suspect was known to have fled, and because, in
Officer Hartnett’s experience, drug dealers commonly use convenience stores after
a sale to exchange potentially marked money.    

Officer Hartnett did not talk to or
detain any of the other men outside the convenience store.  Hartnett retrieved one of the two marked $20 bills
from the convenience store clerk.  The
other was never located. 

          At
trial, Officers Brown and Hartnett testified about the $20 bill retrieved from
the clerk.  Officer Brown described the interaction
between Hartnett and the store clerk: “[T]he clerk there had received $20 from
[the appellant]. We did recover that $20 bill.  The clerk said that [the appellant] gave the
other $20 to one of his friends or acquaintances there.”  During cross-examination, Brown admitted he
was not in the store when the money was recovered or when Officer Hartnett
talked to the clerk. 

The prosecutor asked Officer
Hartnett a series of questions about his exchange with the clerk: 

Q.      What did you learn in going to the clerk?

A.      I asked him if the person that had just exited the store that
he saw who we put in custody had given him money.

Q.      And were
you able to recover money from the clerk?

A.      I did,
yes, ma’am. 

Appellant’s
lawyer did not object to either officers’ testimony. 

While cross-examining Officer Hartnett, the appellant’s
lawyer also questioned him about the $20 bill recovered from the convenience
store:

Q.      [Y]ou
said you walked in and talked to
the clerk about the $20 bill. Where was the $20 dollar bill?

          A.      
He took it out of the cash register. 

At trial, the defense attempted to discredit the State’s case
by arguing that the two $20 bills had not been directly linked to the appellant
and that the two white rocks were not an illegal substance.  The appellant’s attorney also sought to cast
doubt about whether the officers gave a correct description of the seller of
the two rocks, as no other members of the group of men were ever detained or
identified.

Ineffective
Assistance of Counsel

          In
his sole point of error, appellant contends he received ineffective assistance
of counsel because his trial counsel failed to object to the officers’
statements about the interaction between appellant and the convenience store
clerk with regards to the $20 bill as improper hearsay, and because trial
counsel repeated the same improper hearsay during his cross-examination.

A.
Standard of Review

The United States
Supreme Court has established a two-pronged test for determining whether there
was ineffective assistance of trial counsel. Strickland v. Washington,
466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064, 2068 (1984); Williams v.
State, 313 S.W.3d 393, 399 (Tex. App.—Houston [1st Dist.] 2009, pet. ref’d).
To prevail on a claim of ineffective
assistance of counsel under Strickland, an appellant must show that (1)
counsel’s performance fell below an objective standard of reasonableness and
(2) but for counsel’s unprofessional error, there is a reasonable probability
that the result of the proceeding would have been different. Strickland,
466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068; Williams, 313 S.W.3d at
399.

The first prong of
the Strickland test requires that the defendant show that counsel’s
performance fell below an objective standard of reasonableness. Williams,
313 S.W.3d at 399–400. The defendant must prove, therefore, by a preponderance
of the evidence that trial counsel’s representation objectively fell below
professional standards.  Id. at
400. The second prong requires the defendant to show a reasonable probability
that, but for counsel’s unprofessional errors, the result of the proceeding
would have been different. Id. (citing Strickland, 466 U.S. at
694, 104 S. Ct. at 2068). “Reasonable probability” means a “probability
sufficient to undermine confidence in the outcome.” Id. A failure to
make a showing under either prong defeats a claim for ineffective assistance. Id.

Any allegation of
ineffectiveness must be firmly founded in the record, which must affirmatively
demonstrate the alleged ineffectiveness. Id. It is the appellant’s
burden to prove ineffective assistance by a preponderance of the evidence and
to overcome the strong presumption that his counsel’s conduct falls within the wide
range of reasonably professional assistance or might reasonably be considered
sound trial strategy. Id. We will not speculate to find trial counsel
ineffective when the record is silent on his counsel’s reasoning or strategy. Id.
In rare cases, the record can be sufficient to prove that counsel’s performance
was deficient, despite the absence of affirmative evidence of counsel’s
reasoning or strategy.  Id.
(citing Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000)).
Such cases are limited to occasions when no reasonable attorney could have made
such a decision. Id.

B. Discussion

          Appellant did not file a motion for a new trial,
and the record is silent about why his trial counsel failed to object to the
alleged hearsay testimony.  There is a strong
presumption that an attorney will provide reasonable, professional assistance, and
we cannot speculate beyond the record before us.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999); Lagaite v. State, 995 S.W.2d 860, 864 (Tex. App.—Houston
[1st Dist.] 1999, pet. ref’d). 

Appellate cites Thompson v. State in arguing that a “single
error may be so substantial that it causes the attorney’s performance to fall
below the standard set forth.”  9 S.W.3d
at 813–14.  He alleges that the
substantial single error in this case was his trial counsel’s failure to object
to the allegedly improper hearsay testimony of Officers Hartnett and Brown, as
it was the only evidence tying the appellant to the marked $20 bill and, by
extension, the crime.  Appellate argues
that because this error was so egregious, the appellate record is sufficient to
demonstrate the ineffectiveness of counsel.  Specifically, he asserts: “[I]t is patently
unreasonable for a defense lawyer not to object to hearsay testimony [in this
case]. . . . There is really no trial strategy, moreover, that can justify a
return to the topic with questions on cross-examination that amplify and
corroborate [the improper testimony].”  We
disagree. 

          Hearsay is defined as “a statement,
other than one made by the declarant while testifying at the trial or hearing,
offered in evidence to prove the truth of the matter asserted.” Tex. R. Evid. 801(d); see also Smith
v. State, 866 S.W.2d 731, 732 (Tex. App.—Houston [14th Dist.] 1993, no
pet.).  We assume without deciding that
the officers’ testimony forming the basis of Evans’ complaint on appeal is
hearsay.   

A failure to object to improper testimony does not automatically
demonstrate ineffective assistance of counsel.  Ryan v. State, 937 S.W.2d 93, 103 (Tex.
App.—Beaumont 1996, pet. ref’d); see also Ingham v. State, 679 S.W.2d
503, 509 (Tex. Crim. App. 1984) (en banc) (“An isolated failure to object to certain
procedural mistakes or improper evidence does not constitute ineffective
assistance of counsel.”); Garcia-Sandoval v. State, No. 01-08-00842-CR, 2010 WL 1571207, at *3 (Tex.
App.—Houston [1st Dist.] Apr. 8, 2010, no pet.) (“Mere identification of
instances in which counsel did not make an evidentiary objection, without more,
does not establish deficient performance of counsel for the purposes of an
ineffective-assistance claim.”).  The act, or lack thereof, must be so egregious that no reasonable
attorney would act in this manner. 

Without a trial record demonstrating counsel’s reasons, we must
determine whether counsel’s actions conform to a reasonable trial strategy.  Garcia v. State, 57 S.W.3d 436, 440 (Tex.
Crim. App. 2001).  As Texas courts have frequently
noted before, inaction can be supported by a sound and plausible strategy. See
Bone v. State, 77 S.W.3d 828, 834 (Tex. Crim. App. 2002); Johnson v.
State, 68 S.W.3d 644, 655 (Tex. Crim. App. 2002); Garcia, 57 S.W.3d
at 440; Weaver v. State, 265 S.W.3d 523, 538 (Tex. App.—Houston [1st
Dist.] 2008, pet. ref’d). 

          Appellant has not demonstrated that
trial counsel’s actions were not the result of a reasonable trial strategy. To
convict the appellant of delivery of a simulated controlled substance, the State was required to prove beyond a reasonable
doubt that appellant sold the two rocks in a manner to lead a reasonable person
to believe he purchased a controlled substance. 
See Tex. Health & Safety Code Ann. §
482.002.  In other words, the State had
to prove beyond a reasonable doubt that appellant’s actions would lead a
reasonable person to believe he or she purchased cocaine.  The State did not have to prove that Brown
paid for the rocks with the marked $20 bills. 

Based on the trial transcript, it
is clear that appellant’s counsel sought to show Officer Brown could not have reasonably
believed the two rocks were cocaine. During voir dire, appellant’s counsel asked
questions regarding what should be the basis for a “reasonable belief” as to
the nature of the white rocks—an experienced police officer or a layperson.  During the trial, counsel repeatedly asked
Officer Brown and Karrie Adams, the Houston Police crime lab scientist who
tested the rocks’ composition, about their initial impressions about the rocks
and whether they believed Officer Brown purchased a controlled substance.  In closing argument, trial counsel again
argued Officer Brown could not have reasonably believed the two rocks were
cocaine.  The record indicates appellant’s
trial counsel was trying to negate an essential element of the State’s case—a
common and effective strategy in criminal cases. See, e.g., Juarez v. State,
308 S.W.3d 398, 403 (Tex. Crim. App. 2010); Scott
v. State, 235 S.W.3d 255, 260–61 (Tex. Crim. App. 2007).

          In
argument, defense counsel also referenced and tried to cast doubt on the
testimony of Officer Brown and Officer Hartnett regarding the marked $20 bill
found at the convenience store.  He
stressed that there was no testimony directly linking appellant to the $20 bill,
as neither officer ever personally saw appellant use the money; nor could they
be sure the money did not come from one of the other individuals outside the
store.  Counsel summarized the officer’s
testimony as, “[a]ll they are saying is we found a $20 bill in the cash
register. [No witness] saw [appellant] or anybody . . . give anybody that $20
bill.”  Counsel’s strategy focused on the
chain-of-custody in an attempt to create reasonable doubt about whether the
appellant is the source of the marked bill.  E.g.,
Velasquez v. State, 941 S.W.2d 303, 311 (Tex. App.—Corpus Christi 1997,
pet. ref’d).  The fact that the
convenience store had the marked $20 was clearly admissible, as was the fact
that  appellant, who matched Officer
Brown’s description as to dress and location, was outside the store.  The jury could easily make an inference
connecting the two even without the testimony of Officers Brown and Hartnett.  In light of this, it is reasonable that counsel
purposefully chose to overlook the hearsay testimony so as to not call
attention to potentially damaging evidence that is otherwise admissible. See, e.g., Chapa v. State, No.
04-02-00346-CR, 2003 WL 1025148, at *5 (Tex. App.—San Antonio Mar. 12, 2003, pet.
ref’d) (“While
trial counsel could have objected to the complained-of testimony as being
hearsay, we cannot rule out the possibility that counsel purposefully did not object so as not to
call attention to damaging evidence that was otherwise admissible or
merely cumulative.”) abrogated
on other grounds by Delgado v.
State, 235 S.W.3d 244 (Tex. Crim. App. 2007); see
also Young v. State, 10 S.W.3d
705, 712 (Tex. App.—Texarkana 1999, pet. ref’d); Tutt v. State, 940 S.W.2d 114, 118 (Tex. App.—Tyler 1996, pet.
ref’d). Because appellant has not demonstrated his counsel’s performance was
objectively unreasonable under Strickland’s
first prong, he cannot meet his burden to prove he received ineffective assistance
of counsel. We overrule appellant’s sole point of error.

Conclusion

We affirm the trial court’s judgment.

 

                                                                   

 

 

Sherry
Radack

                                                                   Chief
Justice 

 

Panel consists of Chief Justice Radack and Justices Sharp
and Brown.

Do not publish. 
 Tex. R. App. P. 47.2(b).