ACCEPTED
05-14-01369-CR
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/16/2015 10:25:20 AM
LISA MATZ
CLERK

No. 05-14-01369-CR

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
AT DALLAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
6/16/2015 10:25:20 AM
LISA MATZ
Clerk

**JOHN BRANDON BURKS**,
APPELLANT

**v.**

**THE STATE OF TEXAS**,
APPELLEE

*On Appeal from the Criminal District Court Number Five*
*Hon. Carter Thompson, Judge*
*Dallas County, Texas*
*In Cause No. F13-21294-L*

## STATE'S RESPONSE BRIEF

*Counsel of Record:*

Susan Hawk
Criminal District Attorney
Dallas County, Texas

**Douglas R. Gladden**
Assistant District Attorney
State Bar No. 24076404
Frank Crowley Courts Building
133 N. Riverfront Boulevard, LB-19
Dallas, Texas 75207-4399
(214) 653-3600
douglas.gladden@dallascounty.org

*Attorneys for the State of Texas*

**The State requests oral argument only if Appellant argues.**

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................i

INDEX OF AUTHORITIES ........................................................................................ii

STATEMENT OF THE CASE ...................................................................................... 1

ISSUE PRESENTED ................................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 2

SUMMARY OF THE ARGUMENT ............................................................................ 5

ARGUMENT ............................................................................................................... 5

   Response to Appellant's Sole Issue ...................................................................... 5

      **Appellant has not preserved his authentication complaint, but the
evidence was nevertheless properly authenticated.**

   1. Appellant's issue was not preserved because the complaint on appeal
does not comport with the objection at trial. .......................................... 8

   2. Even if Appellant had preserved his complaint on appeal, the trial court
did not abuse its discretion in admitting the evidence because it was
properly authenticated. ............................................................................ 9

      a. A trial court's decision regarding the admissibility of evidence must
be affirmed if it lies within the zone of reasonable disagreement. ........... 9

      b. Authentication only requires a threshold showing that the evidence
is what its proponent purports it to be. ..................................................... 10

      c. The State made the required threshold showing that Exhibit 20 was
what it was purported to be: a breath-test record with Appellant's
identifying information .............................................................................. 10

PRAYER ................................................................................................................... 12

CERTIFICATE OF COMPLIANCE .......................................................................... 12

CERTIFICATE OF SERVICE ................................................................................... 13

# INDEX OF AUTHORITIES

## TEXAS CASES

*Guevara v. State,*
    97 S.W.3d 579 (Tex. Crim. App. 2003) ............................................................... 8

*Ibarra v. State,*
    11 S.W.3d 189 (Tex. Crim. App. 1999), *cert. denied,* 531 U.S.
    828 (2000) ........................................................................................................... 8

*Martinez v. State,*
    327 S.W.3d 727 (Tex. Crim. App. 2010) ............................................................. 9

*Moses v. State,*
    105 S.W.3d 622 (Tex. Crim. App. 2003) ............................................................. 9

*Rezac v. State,*
    782 S.W.2d 869 (Tex. Crim. App. 1986) ............................................................. 9

*Stevenson v. State,*
    920 S.W.2d 342 (Tex. App.—Dallas 1996, no pet.) .......................................... 11

*Tienda v. State,*
    358 S.W.3d 633 (Tex. Crim. App. 2012) ........................................................... 10

*Walters v. State,*
    247 S.W.3d 204 (Tex. Crim. App. 2007) ............................................................. 9

*Zimmerman v. State,*
    860 S.W.2d 89 (Tex. Crim. App.), *judgment vacated on other
    grounds,* 510 U.S. 938 (1993) ............................................................................. 9

## STATUTES

Tex. Code Crim. Proc. art. 42.12 (West Supp. 2014) ........................................................ 1

Tex. Penal Code § 49.01 (West 2011) .............................................................................. 7

Tex. Transp. Code § 550.021 (West 2011) ........................................................................ 1

Tex. Transp. Code § 724.016 (West Supp. 2014) ............................................................. 6

**RULES**

Tex. R. App. P. 25.2 (West Supp. 2014) ................................................................ 1

Tex. R. App. P. 33.1 (West 2003) ......................................................................... 8

Tex. R. Evid. 803 (West 2003) ............................................................................ 11

Tex. R. Evid. 901 (West 2003) ............................................................................ 10

**REGULATIONS**

37 Tex. Admin. Code § 19.1, *et. seq.* (Texas Breath Alcohol Testing
    Regulations) .............................................................................................. 6, 8

**OTHER AUTHORITIES**

2 Steven Goode et al., *Texas Practice Series: Guide to the Texas Rules of
    Evidence* § 901.1 (3d ed. 2002) ................................................................. 10

**TO THE HONORABLE COURT OF APPEALS:**

The State of Texas submits this brief in response to the brief of Appellant, John Brandon Burks.

# STATEMENT OF THE CASE

Appellant was indicted on December 18, 2013, for failure to stop and render aid in an accident involving serious bodily injury, a third-degree felony.[1] On October 17, 2014, he pleaded guilty without a recommendation from the State as to punshment.[2] After a hearing, the court assessed punishment at eight years' confinement.[3] This appeal followed.[4]

# ISSUE PRESENTED

**Authentication of Evidence.** Authentication requires a showing that evidence is what it is purported to be. In this case, the trial court admitted a breath-test report after a technical supervisor testified that it was an exact copy of the report in her records. Did the trial court abuse its discretion in admitting this evidence?

---

[1] Clerk's Record (C.R.) at 12. *See* Tex. Transp. Code § 550.021(c)(1)(B) (West 2011).

[2] C.R. at 53–57; Reporter's Record volume (RR) 1:7–8.

[3] C.R. at 53–54; RR 1:111.

[4] Appellant filed a notice of appeal the same day he was sentenced. C.R. at 61. About five and a half months later, on April 3, 2015, Appellant filed a Motion for Imposition of Shock Probation, which the court granted the same day. Supplemental Clerk's Record (C.R.Supp.) at 6–9; s*ee* Tex. Code Crim. Proc. art. 42.12, § 6 (West Supp. 2014). The court suspended Appellant's eight-year sentence and placed him on community supervision for five years. C.R.Supp. at 9–10. Both the new judgment and the court's docket sheet reflect that this was done with the agreement of the State. C.R.Supp. at 4, 10. Even though this occurred about four months after the record was filed in this Court, it appears jurisdictionally proper. *See* Tex. R. App. P. 25.2(g) (West Supp. 2014) (proceedings in trial court are suspended upon filing of record "except as provided otherwise by law"). Appellant does not raise any issues from these later proceedings and—because the record reflects the State agreed to them in the trial court—the State cannot find any problems that merit this Court's attention on appeal.

# STATEMENT OF FACTS

**The Crash**

On December 28, 2010, Appellant drove his truck across the center line of south Main Street in Duncanville and collided head-on with a Toyota Camry driven by Jamie Stanley.[5] Stanley, who was 34 weeks pregnant, saw the truck but did not have enough time to take enough evasive action to avoid the collision.[6] She got her car door open and cried for help.[7] A man came up and used Stanley's cell phone to call for help and stayed with her.[8]

Appellant fled.[9] He had been drinking.[10]

Duncanville Police Officer Brent Hand was dispatched to the crash scene.[11] He found Appellant's truck abandoned so he moved on to Stanley's car, where he kept her calm until the paramedics arrived.[12] After Stanley was taken to the hospital, Hand tried to determine who had been driving the truck.[13] He discovered it was registered to Appellant and he found Appellant's passport inside.[14]

---

[5] RR1:12, 16–18, 53–56.
[6] RR1:54–56.
[7] RR1:57.
[8] RR1:57.
[9] RR1:57, 83–84.
[10] RR1:83–84.
[11] RR1:11–12.
[12] RR1:14.
[13] RR1:18.
[14] RR1:15–16, 18.

Appellant returned to the scene with a friend.[15] Appellant identified himself to Hand as "Chris Johnson," but Hand recognized him from his passport photo.[16] Hand gave Appellant several chances to give his real name.[17] Hand smelled alcohol on Appellant, so he conducted a battery of Standardized Field Sobriety Tests (SFSTs).[18] Hand arrested Appellant for public intoxication and failure to ID.[19]

**The DWI**

Appellant bonded out of jail the next morning and continued to drink and drive while on bond.[20] On January 20, 2011—just three weeks later—he was arrested in Dallas for DWI and possession of marijuana.[21] Dallas Police Officer Shane Johnson stopped Appellant for driving the wrong way on Greenville Avenue.[22] Johnson got Appellant out of the car and, after a battery of SFSTs, arrested him for DWI.[23] During the traffic stop, Appellant told Johnson that he had had two mixed drinks that evening.[24] Appellant submitted to a breath test, which showed alcohol concentrations of .160 and .144.[25]

---

[15] RR1:85.
[16] RR1:20.
[17] RR1:20.
[18] RR1:20–21.
[19] RR1:21.
[20] RR1:96.
[21] RR1:25, 30, 88, 96.
[22] RR1:24–26.
[23] RR1:27–30.
[24] RR1:30–31.
[25] RR1:36–37, 39, 96–97; State's Exhibit (SE) 20.

**The Indictment and Bond Violations**

Appellant was finally indicted for failing to stop and render aid in the 2010 crash on December 18, 2013.[26] Before that, he had given a statement to the Duncanville Police Department in which he claimed he had not been driving—that he had been "too drunk to drive" and had given his keys to someone else.[27] He repeated this story to his insurance company.[28]

Appellant was arrested on January 29, 2014.[29] An interlock device was put on his vehicle as a condition of bond.[30] On April 18 and May 3, Appellant's interlock device registered positive tests for alcohol.[31] Appellant claimed the first positive test was due to his use of mouthwash.[32] He claimed the second positive test occurred when a mechanic blew into the device to work on the car.[33] He sent the court a letter, purportedly from the mechanic, that appeared to confirm this story.[34]

At the punishment hearing Appellant admitted that he signed the letter, after the State presented evidence that it was in his own handwriting.[35] He insisted the mechanic was a real person, but he did not call the mechanic to testify.[36]

---

[26] C.R. at 12.
[27] RR1:94.
[28] RR1:94.
[29] C.R. at 15.
[30] C.R. at 22; RR1:97.
[31] RR1:43–46; SE 12 – 13.
[32] RR1:50, 97; Defense Exhibit (DE) 1.
[33] RR1:46–47, 98; SE 22.
[34] RR1:46–47, 98; SE 22.
[35] RR1:46–47, 98; SE 21–22.

# SUMMARY OF THE ARGUMENT

Appellant has not preserved his complaint on appeal because it does not comport with his objection at trial. And objection to improper predicate does not preserve an appellate complaint about authentication. Even if the authentication complaint were preserved, the court did not abuse its discretion in admitting the copy of the breath-test record because the testimony showed that it was exactly what it was purported to be.

# ARGUMENT

## Response to Appellant's Sole Issue

**Appellant has not preserved his authentication complaint, but the evidence was nevertheless properly authenticated.**

Appellant argues in his sole issue on appeal that the court abused its discretion in admitting State's Exhibit 20 because it was not properly authenticated. Appellant did not preserve his complaint for review.

### Additional Facts

State's Exhibit 20 is the report generated by the Intoxilyzer 5000 instrument after Appellant submitted to a breath test on January 20, 2011.[37] It identifies the subject of the test as Appellant based on his name and date of birth.[38] It identifies the

---

[36] RR1:98–99.
[37] RR1:36; SE 20.
[38] RR1:38–39; SE 20.

operator of the instrument as Officer Johnson based on his name and operator certificate number.[39] It lists the date and time of the breath test.[40] It identifies the test by a unique test record number.[41]

At the punishment hearing, the State introduced Exhibit 20 solely through the testimony of Lori Fuller, a technical supervisor at the Southwestern Institute of Forensic Sciences (SWIFs).[42] In her capacity as technical supervisor, Fuller maintains the integrity of the Texas Breath Alcohol Program in Dallas, Collin, and Denton Counties.[43] Fuller performs maintenance on the instruments in her area.[44] She maintains care, custody, and control over at least one original document printed by the instrument following a breath test.[45]

Fuller testified that Exhibit 20 is an exact copy of the January 20, 2011 breath-test report from Appellant's breath test that she kept in the ordinary course of business.[46] Fuller confirmed that she was not the operator who performed the breath test on Appellant, nor could she identify Appellant as "the person" who provided the

---

[39] RR1:39; SE 20.
[40] RR1:36; SE 20.
[41] RR1:37; SE 20.
[42] RR1:35.
[43] RR1:35. *See* Tex. Transp. Code § 724.016 (West Supp. 2014); 37 Tex. Admin. Code § 19.1, *et. seq.* (Texas Breath Alcohol Testing Regulations).
[44] RR1:35.
[45] RR1:35–36.
[46] RR1:36–37.

specimen.[47] She testified that Officer Johnson was the operator who performed the test.[48] Johnson had testified before Fuller but did not talk about the breath test.[49]

Appellant objected to the admission of Exhibit 20:

DEFENSE: ... Judge, I'm going to object to her, improper predicate, with regards to getting this document into evidence.

THE COURT: State.

PROSECUTOR: Your Honor, it goes to the weight not the admissibility. She has testified this is a business record kept in the ordinary course of business. Defense has stipulated to the entire Court's file, which has the Defendant's name and date of birth. We ask that this document be admitted as a business record, in relation to identifying information of the Defendant.

THE COURT: Objection overruled. It will be admitted.[50]

Fuller then explained that, as part of the breath test, Appellant provided two specimens.[51] She testified that Exhibit 20 showed both specimens revealed alcohol concentrations well above the "legal limit" of 0.08.[52] Fuller confirmed that she was "not here to say that" Appellant was driving while intoxicated; rather, she was "here only to authenticate" Exhibit 20.[53] On cross-examination, Fuller testified that she knew Officer Johnson performed the breath test correctly, because "we have a valid

---

[47] RR1:37.
[48] RR1:37–38.
[49] RR1:24–34.
[50] RR1:38–39.
[51] RR1:39.
[52] RR1:39. *See* Tex. Penal Code § 49.01(2)(B) (West 2011) (defining "intoxicated" as, among other things, "having an alcohol concentration of 0.08 or more").
[53] RR1:40.

test record."[54] She conceded, however, that she did not have personal knowledge whether Johnson complied with the 15-minute waiting period.[55]

### 1. Appellant's issue was not preserved because the complaint on appeal does not comport with the objection at trial.

On appeal, Appellant complains that the trial court erred in admitting Exhibit 20 because it was not properly authenticated.[56] He relies exclusively on Rules 901 and 902 of the Texas Rules of Evidence, which are the requirements for authentication and the methods of self-authentication of evidence.[57] At trial, however, Appellant only objected to Exhibit 20 out the grounds of failure to lay a proper predicate.[58]

To preserve a complaint for appellate review, the record must show the complaint was made to the trial court by a timely objection that stated the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint, and the trial court ruled on the objection.[59] The objection at trial must comport with the complaint raised on appeal.[60] A trial objection on the grounds of

---

[54] RR1:40.
[55] RR1:40–41. *See* 37 Tex. Admin. Code § 19.3(a)(1).
[56] Appellant's Brief at 2, 4, 6–10.
[57] Appellant's Brief at 3, 7–10.
[58] RR1:38.
[59] Tex. R. App. P. 33.1(a) (West 2003).
[60] *Guevara v. State*, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003); *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999), *cert. denied*, 531 U.S. 828 (2000).

8

failure to lay a proper predicate does not comport with—and therefore does not preserve—a complaint on appeal that an exhibit was not authenticated.[61]

Because Appellant only objected to the "improper predicate" at trial, he has not preserved his complaint on appeal that Exhibit 20 was not authenticated. This court should overrule his sole issue and affirm the judgment.

**2. Even if Appellant had preserved his complaint on appeal, the trial court did not abuse its discretion in admitting the evidence because it was properly authenticated.**

Nevertheless, Appellant's argument that Exhibit 20 was not properly authenticated fails even if he had preserved his complaint.

### a. A trial court's decision regarding the admissibility of evidence must be affirmed if it lies within the zone of reasonable disagreement.

A trial court's decision regarding the admissibility of evidence is reviewed for an abuse of discretion.[62] A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement.[63] If the trial court's decision is within the zone of reasonable disagreement, a reviewing court must affirm the decision.[64]

---

[61] *Zimmerman v. State*, 860 S.W.2d 89, 98 (Tex. Crim. App.), *judgment vacated on other grounds*, 510 U.S. 938 (1993); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex. Crim. App. 1986).
[62] *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).
[63] *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007).
[64] *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).

### b. Authentication only requires a threshold showing that the evidence is what its proponent purports it to be.

Authentication is a condition precedent to admissibility.[65] The requirement of authentication is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.[66] Making this threshold showing is simply a preliminary question of admissibility for the trial court based on relevance.[67] Put another way, the authentication requirement "represent(s) a special aspect of relevancy."[68] The Texas Rules of Evidence provide a non-exhaustive list of illustrations of the numerous ways evidence may be authenticated.[69] Evidence may be authenticated by direct testimony from a witness with knowledge that the matter is what it is claimed to be.[70]

### c. The State made the required threshold showing that Exhibit 20 was what it was purported to be: a breath-test record with Appellant's identifying information.

In this case, the State told the court it was offering Exhibit 20 "as a business record, in relation to identifying information of the Defendant."[71] At the outset, it must be noted that the business-records exception in Rule 803(6) is an exception to

---

[65] *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012). *See* Tex. R. Evid. 901(a) (West 2003).
[66] *Id.*
[67] *Id.*
[68] 2 Steven Goode et al., *Texas Practice Series: Guide to the Texas Rules of Evidence* § 901.1 (3d ed. 2002) (quoting advisory committee's note to Fed. R. Evid. 901(a)).
[69] Tex. R. Evid. 901(b) (West 2003).
[70] Tex. R. Evid. 901(b)(1) (West 2003).
[71] RR1:38–39.

the hearsay rule.[72] While intoxilyzer *maintenance records* are hearsay that are nevertheless admissible as business records, intoxilyzer *results* are not hearsay.[73] Thus, it was not technically correct to say the breath-test report was a business record.

Appellant does not challenge the prosecutor's characterization of the document, however. Instead, he argues it was not authenticated—that there was no evidence it was what it was purported to be.

Exhibit 20 was purported to be a copy of a breath-test report that was: 1) made on January 20, 2011, after Appellant submitted to a breath test; and 2) kept in Lori Fuller's records. Fuller testified that Exhibit 20 was an "exact copy" of the report in her records.[74] She testified how those records are kept, that each report has a unique, sequential record number, and that Exhibit 20 matched the number of the report in her records.[75]

The report also contained Appellant's name and date of birth, which were confirmed in the court's file that Appellant had previously stipulated to.[76] The report documented that date and time of the breath test which corresponded with the date and time of Appellant's arrest as recounted by Officer Johnson.[77]

---

[72] Tex. R. Evid. 803(6) (West 2003).
[73] *Stevenson v. State*, 920 S.W.2d 342, 344 (Tex. App.—Dallas 1996, no pet.).
[74] RR1:36.
[75] RR1:37.
[76] RR1:7–8, 38.
[77] RR1:25.

Thus, the evidence showed Exhibit 20 to be a copy of the breath-test report from Appellant's breath test the night he was arrested for DWI. The trial court did not act outside the zone of reasonable disagreement in admitting the evidence because it was exactly what it was purported to be. If this Court chooses to address Appellant's unpreserved argument, it should still overrule his sole issue.

## PRAYER

The State prays that this Honorable Court affirm the judgment in its entirety.

Respectfully submitted,

Susan Hawk
Criminal District Attorney
Dallas County, Texas

Douglas R. Gladden
Assistant District Attorney
State Bar No. 24076404
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399
(214) 653-3600

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 2,469 words, according to Microsoft Word 2010, exclusive of the sections excepted by Tex. R. App. P. 9.4(i)(1).

Douglas R. Gladden

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing brief was served on Nanette Hendrickson, attorney for Appellant, at 133 N. Riverfront Blvd., LB–2, Dallas, Texas 75207-4399, on June 16, 2015, by electronic service to Nanette.Hendrickson@dallascounty.org

_____

Douglas R. Gladden