**Affirm and Opinion Filed November 4, 2021**



**In the**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00863-CR**

**JOSE ALBERTO RIVERA ACOSTA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-54878-R**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Carlyle

Appellant Jose Alberto Rivera Acosta[1] entered a negotiated guilty plea to the third-degree felony offense of family-violence assault enhanced by a prior family-violence assault conviction. *See* TEX. PENAL CODE § 22.01(b)(2)(A). Pursuant to the plea agreement, the trial court placed him on five years' deferred adjudication community supervision and imposed a $500 fine.

---

[1] The record shows appellant generally uses the name Jose Rivera. In this opinion, we refer to him as Mr. Rivera.

The State later moved to adjudicate based on violation of several community supervision conditions. Following a hearing, the trial court adjudicated Mr. Rivera guilty and sentenced him to five years' imprisonment.

Mr. Rivera contends (1) the trial court abused its discretion by admitting jail call records into evidence over his objection and (2) the five-year sentence is "outside the range of punishment due to an improper enhancement" resulting from ineffective assistance of counsel in the enhancement case. We affirm the trial court's judgment in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## Background

The indictment in this case alleged that in June 2018, Mr. Rivera "intentionally, knowingly[,] and recklessly cause[d] bodily injury" to Julie Vasquez, "a member of defendant's family and household and with whom the said defendant had a dating relationship." The indictment also contained the following enhancement paragraph:

> [D]efendant had been previously duly and legally convicted of the following assaultive offense . . . against a person who was a member of the said defendant's family and household and with whom the said defendant had a dating relationship and such offense . . . render[s] the offense alleged in the first paragraph above a felony of the third degree under Section 22.01(b)(2) of the Texas Penal Code:
>
> In Cause Number MA1851404-N in the COUNTY CRIMINAL COURT NO. 11 of Dallas County, Texas, the said defendant was convicted of ASSAULT FAMILY VIOLENCE on or about the 9TH day of FEBRUARY, A.D., 2018[.]

Mr. Rivera signed an October 17, 2018 plea agreement in which he confessed to the charged offense and pleaded true to the enhancement paragraph. He also agreed to community supervision terms that included, among other things, condition (r): "Do not have any form of contact, be it in person, by mail, telephone or any form of communication with Julie Vasquez directly or indirectly, for the duration of the Supervision Term."

On February 4, 2020, the State filed a motion to adjudicate, contending Mr. Rivera had violated eight community service conditions, including condition (r). Mr. Rivera pleaded not true to the State's allegations.

At the hearing on the motion to adjudicate, Dallas County Hospital District police officer Luke Rose testified that on January 13, 2020, he responded to a call from Parkland Hospital's urgent care clinic regarding an assault. When he arrived at the clinic, a nurse took him to an examining room where Julie Vasquez was sitting on the ground, alone. She "was shaking and just couldn't really complete a sentence." According to Officer Rose, Mr. Rivera and Ms. Vasquez's father had just left the examining room and were "on their way to the restroom." Before the two men returned, Officer Rose took Ms. Vasquez to a different room down the hall so he "could ask her what was going on without having someone in the room." Ms. Vasquez seemed "frightened and upset" and "was talking softly so that Mr. Rivera couldn't hear that she moved into a different room."

Officer Rose stated Ms. Vasquez told him that earlier that day, she and Mr. Rivera had sex "and then at some point she was on the bed and he folded the mattress over her and he jumped on it multiple times." She told Officer Rose "the only way she could get away is to tell him that her father needed to go to the hospital." When the three of them got to the hospital, Ms. Vasquez told a nurse she had been assaulted.

Officer Rose testified he questioned Mr. Rivera, who "said that she was lying and that all he did that day was have sex with her." Officer Rose contacted "dispatch" and learned Mr. Rivera "did have a protective order and the victim was Julie Vasquez." Then, he arrested Mr. Rivera.

John Ludwigs, an investigator with the Dallas County District Attorney's office, testified he assisted the prosecutor in this case by "pulling jail calls." Mr. Ludwigs stated the jail's electronic "Securus" phone system can be searched by phone number to generate a log of calls made to that number by jail inmates. Securus also "sometimes gives you a name associated with" the phone number for which a search is performed. He testified (1) during 2020, 242 calls were made to a particular phone number using Mr. Rivera's jail inmate "PIN" number, and (2) Securus showed that phone number "came back to" Julie Vasquez. A Securus call log listing 239 calls to the phone number in question and a printout showing that phone number as registered to Ms. Vasquez were admitted into evidence over defense counsel's hearsay objection.

Mr. Rivera testified on direct examination:

Q. . . . Mr. Rivera, did you violate any bond conditions with respect to a protective order?

A. From—from my understanding, yes and no because the simple fact that I—the—the previous convictions to this wasn't even supposed to be a conviction. It was supposed to be dismissed because a nonprosecution affidavit was filed. I was poor of knowledge and poor educated on the case and the materials in the case—

[COUNSEL FOR STATE]: Objection. Judge, nonresponsive.[2]

THE COURT: Yeah. Listen to the questions that are asked and give answers to just those questions.

On cross-examination, Mr. Rivera testified:

Q. Okay. And you knew that you weren't supposed to be anywhere near [Ms. Vasquez] as a part of that probation?

A. Yes, ma'am.
. . . .
Q. Okay. So you're still interacting with her and you're still in a relationship with her, you're still having contact with her, despite this probation condition?

A. Yes, ma'am.

Q. Okay. And, in fact, you had sex with her on [January 13, 2020]?

A. Yes, ma'am.

On redirect examination, Mr. Rivera stated:

Q. So what—what would it be that you would be asking the Court to do or consider?

---

[2] It isn't completely clear whether the prosecutor's objection to a nonresponsive answer to defense counsel's question on direct examination was warranted here. As a prudential matter, the prosecutor had all of cross-examination to probe this point. As this Court explained in the seminal case, *Smith v. State*, 763 S.W.2d 836, 841–42, (Tex. App.—Dallas 1988, pet. ref'd), "[n]ot every unresponsive answer should be stricken." At worst, Mr. Rivera offered a relevant but perhaps not strictly or completely responsive answer. *See id.* In any event, the prosecutor here did not address admissibility when objecting so the testimony remains before this Court. *See id.*

A. To check the previous conviction for error because there was a nonprosecution affidavit on file that was neglected. The reason for, I was in immigration proceedings. I am a United States citizen. They didn't know it at the time. I was on—I was on immigration proceedings. My lawyer . . . was negligent and I stated to him that there was a nonprosecution affidavit on file—

[COUNSEL FOR STATE]: Objection. Judge, testifying in narrative.

THE COURT: Sustained. Ask your next question, [Defense Counsel].

Q. . . . Okay. So, Mr. Rivera, you're telling me that your previous lawyer was negligent?

A. Yes, sir.

Q. Okay. And is that the reason why you were in this dilemma that you see yourself?

A. Yes, sir.

Q. Is there anything else you want to tell the Judge with respect to these allegations?

A. Just basically, if I would have got represented properly, the outcome would have been different. I wouldn't—I wouldn't have been here, I would have been in a different place. I would have—I would have—I would have been working. I would have—I probably would have been doing something different besides this.

After the parties closed, the trial court stated it found Mr. Rivera had violated two community service conditions, including condition (r). Following his conviction and sentencing, Mr. Rivera filed a motion for new trial asserting "the verdict is contrary to the law and the evidence." The trial court overruled that motion.

## Analysis

*The adjudication determination*

We review a trial court's decision to revoke community supervision and adjudicate guilt for an abuse of discretion, taking into account the sufficiency of the evidence supporting the basis for revocation. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). The State has the burden to prove violation of a condition of community supervision by a preponderance of the evidence. *Id*. at 864–65. This burden is met when the "greater weight of the credible evidence . . . would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Dansby v. State*, 468 S.W.3d 225, 231 (Tex. App.—Dallas 2015, no pet.) (quoting *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006)). Proof of any one violation is sufficient to support revocation. *E.g.*, *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *Lee v. State*, 952 S.W.2d 894, 900 (Tex. App.—Dallas 1997, no pet.).

The erroneous admission of hearsay evidence is nonconstitutional error, which must be disregarded if it did not affect substantial rights. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); TEX. R. APP. P. 44.2(b). "Substantial rights are not affected by the erroneous admission of evidence if, after reviewing the record as a whole, the appellate court has fair assurance that the error either did not influence or had only a slight effect on the finder of fact." *Webb v. State*, 557 S.W.3d 690, 696 (Tex. App.—Texarkana 2018, pet. ref'd). In the deferred-adjudication context, an error affects substantial rights if it had a substantial and injurious effect

or influence on the court's decision to adjudicate guilt and impose sentencing. *Wyrick v. State*, No. 05-07-01410-CR, 2008 WL 4816335, at *3 (Tex. App.—Dallas Nov. 6, 2008, pet. ref'd) (mem. op., not designated for publication).

In his first issue, Mr. Rivera contends the trial court abused its discretion by admitting the Securus phone records into evidence because those records constituted hearsay and the State failed to show a hearsay rule exception. We agree in part.

Over proper defense objection, the court admitted State's Exhibit 2, a Securus call log showing Mr. Rivera called one number 239 times. Again over proper defense objection, the court admitted State's Exhibit 3, a Securus document indicating the owner of the phone number Mr. Rivera called so many times. The State has conceded that the trial court abused its discretion in admitting Exhibit 3 but argues Exhibit 2 was properly admitted. We agree in both respects.

Exhibit 2 is not hearsay at all. It is computer output listing times, dates, and phone numbers called, and reflects no human input. *See Stevenson v. State*, 920 S.W.2d 342, 343 (Tex. App.—Dallas 1996, no pet.); *Murray v. State*, 804 S.W.2d 279, 284 (Tex. App.—Fort Worth 1991, pet. ref'd). The trial court did not abuse its discretion in admitting the call log in Exhibit 2.

But because the Securus system cannot tie a phone number to a person itself, the only way Exhibit 3 could include a link between the phone number and its owner is some human input, which makes Exhibit 3 hearsay. *See* TEX. R. EVID. 803. The State failed to prove any exception to the prohibition against hearsay for Exhibit 3.

*Id*. 803(6). Therefore, we agree with the conceding State that the trial court abused its discretion by admitting State's Exhibit 3, the Securus phone record tying the phone number in question to the specific victim in this case. *See Stevenson*, 920 S.W.2d at 343; *Murray*, 804 S.W.2d at 284.

That said, the error was harmless. Mr. Rivera admitted to other contact with Ms. Vasquez that violated condition (r), and based on the record as a whole, we conclude any alleged error in admitting the Securus phone records into evidence did not affect Mr. Rivera's substantial rights. *See Webb*, 557 S.W.3d at 696; *see also Smith*, 286 S.W.3d at 342; *Lee*, 952 S.W.2d at 900.

### *The enhanced-offense sentence*

Though assault is generally a Class A misdemeanor offense, it becomes a third degree felony if committed against a person with whom the actor is or has been in a dating relationship or marriage and the actor has previously been convicted of assault against such a person. TEX. PENAL CODE § 22.01(b)(2)(A). The punishment for a Class A misdemeanor is "(1) a fine not to exceed $4,000; (2) confinement in jail for a term not to exceed one year; or (3) both such fine and confinement." *Id*. § 12.21. The punishment for a third degree felony is imprisonment for not more than ten years or less than two years and an optional fine of up to $10,000. *Id*. § 12.34. Generally, "as long as a sentence is within the proper range of punishment it will not be disturbed on appeal." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).

The right to reasonably effective assistance of counsel in a criminal prosecution is constitutionally guaranteed. *See* U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10. To establish a claim based on ineffective assistance, an appellant must show by a preponderance of the evidence that (1) his counsel's representation fell below the objective standard of reasonableness and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Our review of counsel's representation is highly deferential, and we indulge a strong presumption that counsel's conduct was not deficient. *Nava v. State*, 415 S.W.3d 289, 307–08 (Tex. Crim. App. 2013); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). A claim of ineffective assistance of counsel must be firmly demonstrated in the record. *Menefield v. State*, 363 S.W.3d 591, 592 (Tex. Crim. App. 2012); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593. Direct appeal is usually inadequate for raising an ineffective-assistance-of-counsel claim because the record generally does not show counsel's reasons for any alleged deficient performance. *See id*. at 592–93; *Thompson*, 9 S.W.3d at 813–14.

In his second issue, Mr. Rivera contends the trial court's five-year sentence was outside the range of punishment "due to an improper enhancement" resulting from ineffective assistance of counsel. Specifically, Mr. Rivera asserts he "brought

–10–

to the [trial court's] attention" that his guilty plea in the February 2018 enhancement case was "taken in violation of his right to counsel and ineffective assistance of counsel." In support of that assertion, he cites his testimony described above.[3]

The record shows the trial court sustained the State's objections to Mr. Rivera's testimony regarding his former counsel's alleged inactions, with the exception of the following:

> Q. . . . Okay. So, Mr. Rivera, you're telling me that your previous lawyer was negligent?
>
> A. Yes, sir.
>
> Q. Okay. And is that the reason why you were in this dilemma that you see yourself?
>
> A. Yes, sir.
>
> Q. Is there anything else you want to tell the Judge with respect to these allegations?
>
> A. Just basically, if I would have got represented properly, the outcome would have been different. I wouldn't—I wouldn't have been here, I would have been in a different place. I would have—I would have—I would have been working. I would have—I probably would have been doing something different besides this.

Though Mr. Rivera filed a motion for new trial, that motion did not allege ineffective assistance of counsel and the record does not show a hearing on that

---

[3] Mr. Rivera also cites 2020 correspondence from him to the trial court, including a July 16, 2020 pro se petition for "federal habeas corpus" under 28 U.S.C. § 2254 in which he asserted, among other grounds, ineffective assistance of counsel. To the extent Mr. Rivera relies on his complaints in that unsworn petition, "[i]ncompetent evidence cannot be used to meet the preponderance burden imposed by *Strickland*." *Scarborough v. State*, No. 05-19-00934-CR, 2021 WL 4589054, at *2 (Tex. App.—Dallas Oct. 6, 2021, no pet. h.) (mem. op., not designated for publication).

motion. Thus, the record does not demonstrate a firmly grounded ineffective assistance claim. On this record, we conclude Mr. Rivera has not met his *Strickland* burden at this stage. *See Strickland*, 466 U.S. at 688; *see also Menefield*, 363 S.W.3d at 592; *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007) ("It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record.").

As described above, the indictment included an enhancement paragraph alleging a prior family-violence assault conviction. Mr. Rivera pleaded true to that enhancement paragraph and guilty to the charged June 2018 family-violence assault. His five-year sentence is within the applicable statutory punishment range of two to ten years' imprisonment. TEX. PENAL CODE §§ 22.01(b)(2)(A), 12.34. Thus, we will not disturb that sentence on appeal. *See Jackson*, 680 S.W.2d at 814.

We affirm the trial court's judgment.

200863f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE

–12–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE ALBERTO RIVERA
ACOSTA, Appellant

No. 05-20-00863-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F18-54878-R.
Opinion delivered by Justice Carlyle.
Justices Myers and Partida-Kipness
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 4th day of November, 2021.